ELLIOTT *v.* MITCHELL.

Where the grounds of error, alleged in an affidavit for a *certiorari,* are palpably insufficient, and show no error before the justice; the writ of *certiorari* may be dismissed, on motion, in the district court.

Any defect in an attachment affidavit or bond can only affect the attachment proceeding, and not the suit, or action upon which the attachment issued.

APPEAL *from Polk District Court.*

*Opinion by* GREENE, J.   Assumpsit and attachment commenced by Thomas Mitchell against W. Elliot, before a

justice of the peace. Judgment for the plaintiff. Defendant took the case to the district court by writ of *certiorari.* The affidavit upon which the *certiorari* was issued, alleged as error in the proceedings of the justice, that he refused to dismiss the suit, on the ground of defects in the affidavit and bond for the writ of attachment. In the district court, defendant moved to dismiss the writ of *certiorari* for reasons alleged, and this motion was sustained. The third reason assigned, and the only one necessary to be considered, is, that the errors alleged in the attachment affidavit are insufficient to authorize the issuing of the writ of *certiorari.*

It is argued by counsel for the appellant that if the affidavit for a *certiorari* is filed within the time and with the statements required by the statute, the writ should issue a writ of right, and hence it is claimed that the writ should not have been dismissed. But we are of the opinion that where the grounds of error alleged in the affidavit are palpably insufficient and do not show error before the justic that the *certiorari* may properly be dismissed by the d · trict court on a motion made *before* the hearing of the c: This view is not in conflict with the statute which aut izes the district court, *after* hearing the case, to give ju ment as the right of the matter may appear, or to affir· reverse the judgment in whole or in part. Rev. .. .... 337, § 5.

Where the affidavit does not show *prima facie* some ground of error, where it does not contain some averment that would justify a change in the judgment of the justice, there can be no necessity or propriety in bringing the case to a formal hearing. In such a case the certiorari would be without foundation and should be disposed of in the most summary manner, consistent with the rights of the parties, the ends of justice, and the rules of law.

But it is urged that the affidavit in the case at bar, contains averments of error which would justify the court in

hearing the certiorari proceedings, and in reversing the judgment of the justice. The affidavit alleges only that the justice refused to dismiss the suit for defects in the attachment affidavit and bond. Those defects, if material, would justify the justice in dissolving the attachment, but they could be no ground for dismissing the suit. Such defects in the attachment proceeding could not impair the plaintiff's cause of action or defeat his right to recover against the defendant; they could only affect his attachment lien upon defendant's property. The attachment, and the suit are distinct matters, and any error or irregularity in the former cannot affect the latter. The suit should be tried and determined upon its own merits, without any regard to the attachment, and so far as we can judge by the record before us, this suit was so decided by the justice. As the certiorari affidavit alleges no error in the trial or decision of the suit, we think the writ was correctly dismissed.

*J. M. Perry* and *C. Bates*, for appellant.

*J. M. Barnard*, for appellee.